**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0218, <u>Jeffrey Alan Knott v. Henry P. Moscone & a.</u>, the court on February 14, 2017, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Jeffrey Alan Knott, appeals the damages award of $1,800 plus statutory interest in his trespass action against the defendants, Henry P. and Teresa Moscone. We affirm.

The relevant facts follow. The parties own adjoining lots in Madison. The plaintiff's land consists of 15.540 acres; the defendants' land consists of 1.07 acres. The defendants purchased their land in 2010. After so doing, they cleared and leveled the lot so as to create a corral for their horses. On August 15, 2010, a hydraulic hose on their excavator broke, spilling more than 40 gallons of hydraulic fluid on their land. The defendants removed the contaminated soil from the spill's location and deposited the soil onto what they thought was their property, but was, in fact, the plaintiff's property. Thereafter, they moved the contaminated soil to a tarp on their driveway.

The spill subsequently was reported to, and inspected by, the New Hampshire Department of Environmental Services (DES). On August 17, 2010, DES found neither elevated readings nor petroleum odors where the contaminated soil had been deposited on the plaintiff's property. A September 21, 2010 note by DES states that "the area where the contaminated soil was originally placed . . . has been sufficiently cleaned." DES instructed the defendants to have the contaminated soil professionally removed from their driveway, which they did.

After the spill was remediated, the defendants continued to level their land. Apparently, several of the iron pins that had marked the boundary between the parties' lots were removed inadvertently either by a logger or by the defendants. In October 2010, the defendants completed leveling their lot; however, in so doing, because the iron pins had been removed, their excavating contractor encroached on a small area of the plaintiff's property by depositing soil and debris there.

In July 2013, the plaintiff sued the defendants, alleging two trespass claims. The first claim alleged that the defendants trespassed by depositing contaminated soil on the plaintiff's property. The second claim alleged that

they trespassed when their excavating contractor encroached on a small area of the plaintiff's property by depositing soil and debris there.

In November 2015, the plaintiff's two trespass claims proceeded to trial. Based upon its review of the evidence and a view, the Superior Court (Fauver, J.) found for the plaintiff on both claims. The court awarded him no damages for the depositing of contaminated soil because "[t]he DES report is clear that the place of the deposit has been remediated by the defendant[s]" and because the "plaintiff . . . offered no evidence that any contamination continues to exist on his property as a result of the deposit." The court further observed that "even if the soil continues to be contaminated[,] there is no evidence as to the costs to remediate or the diminution in value of the plaintiff's property." The court concluded that the plaintiff's "suggestion or claim that his use of the property has been limited in any way is not supported by the evidence."

With respect to the second trespass claim—the subsequent excavation that resulted in soil and debris being placed in a small area of the plaintiff's land—the court found that the damages estimate offered by the plaintiff's expert was unreasonable. The plaintiff's expert testified that it would cost $35,000 to remove the soil and debris deposited on the plaintiff's property. This estimate included removing rocks and stumps, which the court said are located "a considerable distance from the boundary line and point of encroachment" on the plaintiff's land. The estimate also included constructing a road to reach the site of the encroachment. The court found that the road construction "element of damages to be speculative and unreasonable" and ruled that the plaintiff's expert's "cost estimate is far greater than is necessary to fully, fairly and adequately compensate the plaintiff for any damages resulting from this trespass." By contrast, the court found that the estimate offered by the defendants' contractor was reasonable. The contractor estimated that it would cost $1,800 to remove the soil and debris.

The court entered a judgment for the plaintiff in the amount of $1,800, but offered him a choice between that amount plus statutory interest and an equitable remedy. The equitable remedy required the defendants to remove the soil and debris deposited on the plaintiff's property. The court explained that "[i]t is apparent from the view that this excavation may be accomplished by setting an excavator on the defendant[s'] property to remove the soil and debris across the [boundary] line" between the two properties. The defendants could then "restore the property of the plaintiff at and immediately across the boundary line to the grade prior to the deposit of soil and debris by the defendant[s] which gave rise to this action." The court explained that "the election choice" between the judgment and the equitable remedy "is with the plaintiff."

In its order denying the plaintiff's subsequent motion to reconsider, the court explained that, although the plaintiff suggested that he was unable to sell

2

his property because of contaminated soil, he presented no credible evidence at trial to counter the defendants' evidence that the contaminated soil had been removed and that the area had been remediated. Nor did he present evidence demonstrating that he suffered any financial loss as a result of the contaminated soil having once been on his property.

Also in the order denying the plaintiff's motion to reconsider, the court explained that the plaintiff was not entitled to attorney's fees under RSA 539:4 (Supp. 2016), because that statute concerns the willful removal of valuable resources such as stone and gravel and here, "[t]here is no credible evidence properly before the court that any valuable resources have been damaged or removed."

On appeal, the plaintiff argues that the trial court erred by: (1) finding the damages estimate of the defendants' contractor to be reasonable given that the contractor is "bias[ed]" and allegedly perjured himself at trial; and (2) affording the plaintiff an equitable remedy that was different from the one that he desired and that is "unrealistic" because it requires him to use the defendants' contractor and requires the defendants to afford him access to his land through their land. Although the trial court found that he did not present evidence to support such an award, the plaintiff also argues that the trial court erred by not awarding him damages for his alleged failure to be able to market his property. Additionally, although he did not allege a timber trespass claim, the plaintiff contends that the trial court erred by not awarding him enhanced damages and attorney's fees for timber trespass. Finally, although the trial court specifically found that there was no credible evidence that such resources were removed, the plaintiff contends that the trial court erred by not awarding him enhanced damages and attorney's fees under RSA chapter 539 for the willful removal of valuable resources.

He also challenges the pretrial decision of the Superior Court (Garfunkel, J.) to allow his prior counsel to state that the plaintiff alleged only two trespass claims against the defendants, "despite the Plaintiff's protestations in open court" that he had other claims. Additionally, he contests the denial by the Superior Court (Temple, J.) of his motion to amend his complaint two years after he originally filed it and only days before trial in order to add claims that the court viewed as entirely new.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id. All issues that the plaintiff raised in his notice of appeal, but did not brief, are deemed waived. See In re Estate of King, 149 N.H. 226, 230 (2003).

3

In light of our decision, the defendants' "partial motion to dismiss" is deemed moot.  We deny the defendants' request for an award of attorney's fees incurred in connection with their motion.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
